PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKY MORRISON, ) | |
| ) | |
| ) | CASE NO. 4:22CV2314 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MAHONING COUNTY, OHIO, *et al*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendants. ) | [Resolving ECF No. 18] |

Pending before the Court is Defendant Gina DeGenova's Motion for Judgment on the Pleadings (ECF No. 18). Plaintiff Ricky Morrison filed a brief in opposition. *See* ECF No. 22. Defendant DeGenova replied. *See* ECF No. 27. Having reviewed the parties' submissions, and applicable law, the Court grants Defendant DeGenova's Motion for Judgment on the Pleadings.[1]

**I.  Background**

On December 30, 2022, Plaintiff Ricky Morrison filed a first amended complaint asserting twelve claims. On November 28, 2022, while employed by Mahoning County, Plaintiff attended an Elections Board meeting and spoke with Gino DiFabio, Defendant Commissioner Carol Rimedio-Righetti's challenger. Plaintiff alleges that Defendants Rimedio-Righetti, Anthony Traficanti, and David Ditzler met in violation of Ohio's Open Meeting Act during which Rimedio-Righetti and Ditzler voted to terminate Plaintiff in retaliation. *See* ECF

---

[1] The Court's decision is made without consideration of the exhibits filed in conjunction with Plaintiff's brief in opposition (ECF No. 22).

(4:22CV2314)

No. 3 at PageID #: 71. Plaintiff further alleges that counsel, on Plaintiff's behalf, emailed a letter to Defendants Rimedio-Righetti, Ditzler, and Traficanti demanding Plaintiff's reinstatement. *Id.* at PageID #: 72. Plaintiff's counsel also emailed Defendant Gina DeGenova, who responded with an email on December 13, 2022 reinstating Plaintiff. *See id.* at PageID #: 75-77. Plaintiff asserts that Defendant DeGenova's email contained false and fraudulent statements. *See id.*

## II. Standard of Review

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citing authorities).

(4:22CV2314)

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie Cty., Ohio v. Morton Salt, Inc.,* 702 F.3d 860, 863 (6th Cir. 2012).

### III. Discussion

**A. Absolute Litigation Privilege**

At the time of filing, Defendant Gina DeGenova was serving as the acting Mahoning County prosecuting attorney.[2] *See* ECF No. 3 at PageID #: 66. Following Plaintiff's termination, counsel for Plaintiff sent Defendant DeGenova an email "making a 'taxpayer-demand' to reinstate Plaintiff and to possibly 'bring a lawsuit against [the Commissioners] to correct this abuse of power.'" ECF No. 18 at PageID #: 279. On December 11, 2022, Defendant DeGenova acknowledged the email and began looking into the allegations put forth by Plaintiff's

---

[2] Defendant DeGenova was permanently appointed as the Mahoning County prosecuting attorney at the Mahoning County Democratic Party's January 7, 2023 meeting. *See* ECF No. 3 at PageID #: 72.

3

(4:22CV2314)

counsel. *See id.* On December 13, Defendant DeGenova sent an email explaining her legal opinion, concluding that the Commissioners would not ratify the actions taken by the county administrator, and determining that Plaintiff should report to work the following day. *See id.* at PageID #: 280.

Defendant DeGenova argues that she is entitled to the absolute litigation privilege, or, alternatively, the qualified litigation privilege, as it pertains to statements made in the December 13, 2022 email. *See* ECF No. 18 at PageID #: 282-283. Plaintiff retorts that Defendant DeGenova's statements should be considered extrajudicial because they were published on December 13, 2022, ten days before the initial Complaint (ECF No. 1) was filed. *See* ECF No. 22 at PageID #: 335.

"The [absolute] litigation privilege…broadly protects all actors in the course of judicial proceedings from subsequent liability for acts and conduct related to the proceeding." *Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 662, 666 (S.D. Ohio 2004). Furthermore, an attorney "is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which [s]he participates as counsel, if it has some relation thereto." *Theiss v. Scherer*, 396 F.2d 646, 649 (6th Cir. 1968) (citing ALI Restatement, Torts § 586 (1938)).

Plaintiff primarily relies on Ohio state law in support of the positions regarding extrajudicial communication and the underlying requirements. *See e.g.*, ECF No. 22 at PageID #: 336-337. Both parties are reminded that while rulings from peer courts are informative, the Court is not bound by the decisions of other circuits or state courts. *See Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 782 (E.D. Mich. 2008). Opinions not handed down from the Supreme Court of

4

(4:22CV2314)

the United States or the Sixth Circuit Court of Appeals do not obligate the Court to take any action in this matter, or any other matter before it. See *Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 516 (E.D. Mich. 2022). Therefore, the Court is under no obligation to determine whether Defendant DeGenova's email contained fraudulent language. Rather, the Court's focus remains on a determination of whether Defendant DeGenova is entitled to absolute litigation privilege in accordance with federal law.

While Defendant DeGenova's statements, contained in the email, did not occur during the legal proceedings, they are considered to have occurred "preliminary to a proposed judicial proceeding" and are reasonably related to the matter at hand. *Id.* In support of this conclusion, Plaintiff's Amended Complaint states that "Defendant DeGenova knew that an investigation was in progress and that an official proceeding was about to be or likely to be instituted" given the demand letter which necessitated the email response sent on December 13, 2022. ECF No. 3 at PageID #: 96. The Court, therefore, finds that Defendant DeGenova is entitled to the protections of absolute litigation privilege.

**B. First Amendment Retaliation**

As an alternative to the Court finding that Defendant DeGenova was not entitled to absolute litigation privilege, Defendant DeGenova argues that Plaintiff inappropriately brings a First Amendment Retaliation claim. See ECF No. 27 at PageID #: 478-482. In support of the claim, Plaintiff asserts that he sufficiently pleaded the facts as necessitated by law. See ECF No. 22 at PageID #: 343. The Sixth Circuit has held that a successful First Amendment retaliation claim requires a showing that:

> 1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the

5

(4:22CV2314)

>   > adverse action was motivated at least in part by the plaintiff's protected conduct.

Maben v. Thelen, 887 F.3d 252, 262 (6th Cir. 2018).

At issue is Plaintiff's termination, which is alleged to have been the result of a December 1, 2022 meeting between Defendants Rimedio-Righetti, Anthony Traficanti, and David Ditzler. *See* ECF No. 3 at PageID #: 71. Among the other elements, Plaintiff is tasked with establishing that Defendant DeGenova committed an adverse action against Plaintiff, deterring him from continuing the alleged protected conduct. *See* Maben v. Thelen, 887 F.3d 252, 262 (6th Cir. 2018). The Amended Complaint alleges that "Defendants Rimedio-Righetti and Ditzler decided to fire Morrison with no public notice." ECF No. 3 at PageID #: 71. Absent from both the Amended Complaint and Plaintiff's brief in opposition is an allegation that Defendant DeGenova was involved in Plaintiff's termination. Furthermore, Defendant DeGenova's email explicitly states that she viewed Plaintiff's termination to be "void *ab initio*" and requested Plaintiff be notified that he should report to work on December 14, 2022. ECF No. 3-4 at PageID #: 124. For these reasons, the Court finds that Plaintiff has failed to establish the existence of an adverse action committed by Defendant DeGenova, and thus has failed to satisfy the elements needed to successfully plead a First Amendment Retaliation claim against Defendant DeGenova.

### C. Qualified Immunity

Defendant DeGenova preemptively invokes the defense of qualified immunity. *See* ECF No. 18 at PageID #: 291. "Qualified immunity is a defense government officials can raise when claims arise from the performance of their discretionary functions." Meeks v. Larsen, 999 F. Supp. 2d 968, 977 (E.D. Mich. 2014), *aff'd*, 611 F. App'x 277 (6th Cir. 2015). Government officials performing discretionary functions are shielded from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would

6

(4:22CV2314)

have known. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "To avoid the shield of qualified immunity, a plaintiff must properly plead 'facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Feucht v. Triad Loc. Sch. Bd. of Educ.*, 425 F. Supp. 3d 914, 929 (S.D. Ohio 2019) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

Because Plaintiff has not established a violation of either his procedural or substantive due process rights by Defendant DeGenova, there is no basis for Defendant DeGenova to invoke the defense of qualified immunity, regardless of her qualifying role. Consequently, the Court need not resolve the question of qualified immunity as to Defendant DeGenova.

### IV.     Conclusion

For the reasons above, Defendant Gina DeGenova's Motion for Judgment on the Pleadings (ECF No. 18) is granted. Defendant DeGenova and her counsel are excused from attending the Case Management Conference to be held on May 17, 2023

IT IS SO ORDERED.

| | |
|---|---|
| May 16, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |